IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-628 T
(Judge Thomas C. Wheeler)

WELLS FARGO & COMPANY and SUBSIDIARIES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ANSWER

The defendant, the United States, through its attorneys and after due inquiry, hereby answers the plaintiff's complaint. The defendant objects to paragraphs 18-20 (which contain historical narrative) as irrelevant. The defendant objects to those paragraphs and to paragraphs 29-38 and 53-65 as pleaded in violation of RCFC 8(a), which requires "a short and plain statement of the claim." The defendant respectfully denies each allegation in the complaint that is not admitted below. The defendant further:

1. Admits the allegations in paragraph 1 of the complaint.

2. Admits the allegations in paragraph 2 of the complaint.

3. Avers that 28 U.S.C. § 1491 confers jurisdiction upon this Court, to the extent jurisdiction exists.

4. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first four sentences of paragraph 4 of the complaint; and admits the statement in the fifth sentence.

5. Admits the allegations in paragraph 5 of the complaint.

6. Admits the allegations in paragraph 6 of the complaint; but notes that the return identifies the plaintiff's street address as "Sixth and Marquette Avenue," not "Sixth and Marquette."

7. Admits that the IRS has challenged certain of the plaintiff's sale-leaseback transactions and that the plaintiff discusses types of the transactions in the following paragraphs; avers that the plaintiff's characterization of these transactions constitutes legal argument, which requires no response; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the complaint.

8. Admits the allegations in paragraph 8 of the complaint.

9. Admits that the IRS conducted an audit of the plaintiff's 2002 federal income tax return; admits that the IRS proposed adjustments that resulted in a net reduction of income in the amount of $73,851,244; and admits that the IRS proposed a penalty under 26 U.S.C.§ 6662; but avers that the IRS proposed the penalty because at the time the plaintiff's income-tax liability in light of the audit was anticipated to be significantly higher than the tax reported on the return.

10. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the IRS issued two Forms 870 "together with" the referenced Letter 950; but otherwise admits the allegations in paragraph 10 of the complaint.

11. Admits the allegations in paragraph 11 of the complaint.

12. Denies that the plaintiff erroneously paid federal income tax for its 2002 taxable year; but otherwise admits the allegations in paragraph 12 of the complaint.

13. Denies that the plaintiff overpaid federal income tax with respect to its 2002 taxable year; and avers that Exhibit A of the complaint contains three pages of a claim for refund and excerpts from a protest dated May 10, 2005.

14. Denies that the plaintiff overpaid federal income tax for its 2002 taxable year; and avers that paragraph 14 of the complaint constitutes a demand for relief, not a factual allegation that requires a response.

15. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint.

16. Admits the allegations in paragraph 16 of the complaint.

17. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint.

18.-21. Avers that paragraphs 18 through 21 of the complaint constitute irrelevant narrative; avers that these paragraphs contain no averments that RCFC 8(b) requires the defendant to admit or deny; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they could be construed to be relevant to the plaintiff's claim.

22. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of paragraph 22 of the complaint; and admits the statement in the fourth sentence.

23. Avers that the first sentence of paragraph 23 of the complaint makes assertions of law, which require no response; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

24.-27. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 24 through 27 of the complaint.

28. Avers that paragraph 28 of the complaint generally makes assertions of law, which require no response; and denies that any governmental agency encouraged sale-leasebacks similar to those at issue in this case, which have no economic substance.

29-38. Avers that paragraphs 29 through 38 of the complaint make assertions of law and legal arguments, quote and characterize government publications, executive orders, congressional testimony, and even a website and appearances of unnamed persons at unnamed conferences; avers that these paragraphs are irrelevant, improperly pleaded, and require no response; and if a response is necessary, denies that the Government encouraged sale-leasebacks similar to those at issue in this case, which have no economic substance.

39. Denies that the plaintiff entered sale-leaseback transactions "[c]onsistent with FTA policy," because its transactions lack economic substance; avers that the plaintiff makes an legal argument by characterizing the listed transactions as "FTA transactions"; avers that the transaction attributed to the City and County of San Francisco should be attributed to the San Francisco Metro Area Transit Authority; but otherwise admits that the plaintiff arranged what it calls "sale-leasebacks of transit equipment" with the parties, for the equipment, and during the years listed in paragraph 39 of the complaint.

40.-41. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 40 and 41 of the complaint.

42.-43. Avers that paragraphs 42 and 43 of the complaint make assertions of law and legal arguments, which require no response.

44. Avers that paragraph 44 of the complaint makes a legal argument, which requires no response; and if the allegations can be construed as factual, states that it lacks knowledge and information sufficient to form a belief as to the truth of allegations concerning what the IRS may have "publicly stated" at times and through spokesmen that the complaint fails to specify.

45. Avers that the plaintiff makes a legal argument by characterizing the listed property as "QTP property"; and states that, after due inquiry into information concerning the plaintiff's 2002 taxable year (the year before the Court), the defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning the plaintiff's 2003 taxable year.

46. States that it lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning the IRS's response to transactions in the plaintiff's 2003 taxable year, which are not before the Court.

47.-48. Avers that paragraphs 47 and 48 of the complaint make legal arguments, which require no response; and states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning the plaintiff's 2003 taxable year, which is not before the Court, to the extent the allegations could be construed as factual.

49. Avers that the first sentence in paragraph 49 of the complaint makes a legal argument, which requires no response; and states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations made in the remainder of paragraph 49.

50. Admits that the plaintiff arranged what it calls "QTE transactions" with the parties, for the equipment, and during the years listed in paragraph 50 of the complaint.

51. Avers that paragraph 51 of the complaint makes a legal argument, which requires no response; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 if they could be understood as allegations of fact.

52. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of paragraph 52 of the complaint; avers that the fourth sentence makes a general statement about an undefined "leasing context," which requires no response; but states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the fourth sentence if it could be construed as an allegation of fact.

53.-58. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 53 through 58 of the complaint.

59.-65. Avers that paragraphs 59 through 65 of the complaint make a legal argument, which requires no response.

66. Denies the allegations in paragraph 66 of the complaint.

67. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 67 of the complaint; avers that the second sentence makes a legal argument, which requires no response; and admits the allegations in the third sentence.

68.-70. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 68 through 70 of the complaint.

71. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 71 of the complaint; and avers that the second sentence makes a legal argument, which requires no response.

72.-75. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 72 through 75 of the complaint.

76.-78. Avers that paragraphs 76 through 78 of the complaint make a legal argument, which requires no response.

79. Incorporates by reference and restates the responses set out in paragraphs 1 through 78 above.

80.-82. Avers that paragraphs 80 through 82 assert legal arguments and conclusions, which require no response.

83. Avers that paragraph 83 of the complaint asserts legal arguments and conclusions, which require no response; but denies the allegations in paragraph 83 to the extent they could be construed as allegations of fact.

84. Denies that the plaintiff properly reported income and deductions in connection with the Sales-Leaseback Transactions on its 2002 federal income-tax return; but otherwise admits the allegations in paragraph 84 of the compliant.

85.-88. Avers that paragraphs 85 through 88 of the complaint assert legal arguments and conclusions, which require no response; but denies the allegations in paragraphs 85 through 88 to the extent they could be construed as allegations of fact.

89. Incorporates by reference and restates the responses set out in paragraphs 1 through 88 above.

90.-93. Avers that paragraphs 90 through 93 of the complaint assert legal arguments and conclusions, which require no response; but denies the allegations in paragraphs 90 through 93 to the extent they could be construed as allegations of fact.

94.-96. Admits the allegations in paragraphs 94 through 96.

97. Avers that paragraph 97 of the complaint asserts legal arguments and conclusions, which require no response.

98. Admits that disallowance of tax benefits associated with the asserted Sale-Leaseback Transactions resulted in an increase in the plaintiff's 2002 taxable income of $115,174,203.

99. Avers that paragraph 99 of the complaint makes a legal argument, which requires no response; but denies the allegations in paragraph 99 to the extent they could be construed as allegations of fact.

100. Denies that the IRS's adjustments to the plaintiff's taxable income are contrary to controlling tax law; denies that the plaintiff is entitled to any of the claimed income-tax refund; and denies that the plaintiff is now entitled to a refund of the penalty.[1]

---

[1] Under governing law, the defendant's attorneys lack authority to admit the plaintiff's entitlement to a refund of the penalty (*see, e.g.,* 26 U.S.C. § 6405(a)); but the trial attorney has asked his superiors to consider whether such a refund would be proper.

WHEREFORE the defendant asks the Court to dismiss the plaintiff's complaint with prejudice.

Respectfully submitted,

s/ Robert Stoddart

ROBERT STODDART
Attorney of Record
U.S. Justice Department, Tax Division
Court of Federal Claims Section
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044
TEL: (202) 307-6445
FAX: (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/ Steven I. Frahm
Of Counsel

January 19, 2007