# In the United States Court of Federal Claims

No. 06-628T

(Filed: May 8, 2008)

```
****************************************  *
                                          *
WELLS FARGO & COMPANY                     *
AND SUBSIDIARIES,                         *
                                          *
                        Plaintiff,        *
                                          *
 v.                                       *
                                          *
THE UNITED STATES,                        *
                                          *
                        Defendant.        *
                                          *
****************************************  *
```

DISCOVERY ORDER

This case involves the appropriate tax treatment for a number of leveraged lease transactions. Although the dispute involves only the tax effect for the 2002 taxable year, some of the lease transactions were consummated in earlier tax years. The Internal Revenue Service ("IRS") has audited Plaintiff's federal income tax returns, including the lease transactions at issue. For each tax year since 1999 for which the IRS has completed its audit of Plaintiff, the IRS has proposed disallowing the tax treatment claimed by Plaintiff for these lease transactions.

On April 4, 2008, Plaintiff filed a motion to compel Defendant to produce documents that are responsive to Plaintiff's Second Request for Production of Documents, served on Defendant on February 22, 2008. The requested documents include: (1) all documents which Defendant anticipates relying on to show that the amounts reported by Plaintiff for federal income tax and financial accounting purposes relating to the transactions at issue were different from the amounts set forth in the IRS agent's original report; and (2) the IRS's administrative files for the federal income tax audit of Plaintiff for the taxables years 1999 through 2002. In its March 31, 2008 discovery response, Defendant stated that Plaintiff's request is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also asserted that some responsive documents may be privileged.

Defendant opposes Plaintiff's motion to compel production of the first category of documents on the basis that it is unreasonable for Plaintiff to demand Defendant's conclusions regarding the accuracy of the amounts reported now, while Defendant is in the midst of investigating this issue through discovery. Defendant states that under Rule 26(a)(1) it intends to disclose this information at the completion of discovery. Defendant opposes Plaintiff's request for the second category of documents on the basis that the IRS's analysis of Plaintiff's tax reporting has no bearing on the issue in this case, whether Plaintiff is entitled to the deductions it reported on its 2002 tax return in connection with the lease transactions. Defendant notes that this is a *de novo* proceeding, where the Court will not afford any weight or deference to the IRS's administrative review. Thus, Defendant argues, Plaintiff's discovery exceeds the scope of Rule 26(b).

Upon consideration of the competing positions, the Court finds Plaintiff's requests to be relevant and reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's first request does not seek solely Defendant's conclusions on the subject, rather, it states "all documents which Defendant anticipates relying on" to show a difference between the amounts reported by Plaintiff and the amounts set forth in the IRS agent's report. Under Rule 26, Defendant has an obligation to disclose all evidence on which it intends to rely in defense of Plaintiff's claims, and it is insufficient for Defendant to wait until the end of discovery to disclose the requested documents to Plaintiff. See RCFC 26(a)(1)(B). If Defendant does not possess all of the information now, Defendant is obligated to supplement its response to Plaintiff's request for documents at a later date. See RCFC 26(e)(2).

With regard to the second request, the Court may allow the discovery of agency administrative files, if relevant. See Jade Trading, LLC v. United States, 65 Fed. Cl. 487, 491 (2005). As such, the Court also finds Plaintiff's second request to be reasonable, since the IRS's administrative files likely include documents the IRS relied on when disallowing Plaintiff's tax treatment of the transactions at issue. Such documents are likely to be admissible evidence themselves or reasonably likely to lead to admissible evidence.

Accordingly, Plaintiff's motion to compel discovery is GRANTED. To the extent that Defendant asserts a claim of privilege as to any responsive documents, Defendant shall provide a privilege log of such documents to Plaintiff. Defendant's production of the non-privileged documents and the furnishing of the privilege log to Plaintiff shall be completed as promptly as possible, on or before May 30, 2008.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge