**EXHIBIT 9**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

MAY 20 2008

| | | |
|---|---|---|
| **WELLS FARGO & COMPANY and SUBSIDIARIES,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 06-628 T** **(Judge Thomas C. Wheeler)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**NOTICE OF DOCUMENT REQUEST BY SUBPOENA AND NOTICE OF 30(b)(6) DEPOSITION**

PLEASE TAKE NOTICE that the United States has requested the production of documents from Financial Security Assurance, Inc. ("FSA"), and has noticed the deposition of FSA under RCFC 30(b)(6) in the above-captioned matter, pursuant to the attached subpoena. The documents will be produced on June 13, 2008, at 555 4th Street, NW, Washington, DC 20001. The deposition will take place on June 24, 2008, at the offices of the Internal Revenue Service, 33 Maiden Lane, New York, NY 10038, beginning at 10:00 a.m. The deposition will be recorded by stenographic means.

CORY A. JOHNSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Ben Franklin Station
Washington, DC 20044

JOHN A. DICICCO
Deputy Assistant Attorney General, Tax Division
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
JENNIFER P. WILSON
Trial Attorney
JOSEPH B. SYVERSON
Trial Attorney
RICHARD H. BOWLES
Trial Attorney

Of Counsel

May 20, 2008

# United States Court of Federal Claims

Wells Fargo & Co. and Subsidiaries

vs

**THE UNITED STATES**

No. 06-628T

**SUBPOENA**

**To** Financial Security Assurance, Inc.
31 W. 52nd St.
New York, NY 10017

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

PLACE OF TESTIMONY

COURTROOM

DATE AND TIME

☒ YOU ARE COMMANDED to appear at the place, date, and time specified ~~below to testify at the taking of a deposition in the above case.~~

Internal Revenue Service, 33 Maiden Lane, New York, NY 10038

PLACE OF DEPOSITION

See Attachment A

June 24, 2008, at 10:00 a.m.

DATE AND TIME

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

555 4th St. NW, Room 8322, Washington, DC 20001

PLACE

June 13, 2008, at 10:00 a.m.

DATE AND TIME

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

PREMISES

DATE AND TIME

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. RULE 30(b)(6).

Attorney for Defendant

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

May 20, 2008

DATE

Joseph B. Syverson, JUSTICE DEPT., TAX DIVISION, COURT OF FEDERAL CLAIMS SECTION, P. O. BOX 26, BEN FRANKLIN STATION, WASHINGTON, DC 20044, (202) 307-6508

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

NOTE - If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law.

**PROOF OF SERVICE**

DATE PLACE

**SERVED**

SERVED ON (PRINT NAME) MANNER OF SERVICE

☐ Fees tendered for one day's attendance and mileage allowed by law.
(Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

**DECLARATION OF SERVICE**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the proof of Service is true and correct.

Executed on ____________________
DATE

____________________
SIGNATURE OF SERVER

____________________
ADDRESS OF SERVER

____________________

Rule 45.

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph(d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance; or

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iii) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information; or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute an resulting from the expert's study made not at the request of any party,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ATTACHMENT A
(Financial Security Assurance, Inc.)

**Definitions**

The following definitions shall apply in this subpoena unless otherwise noted:

A. "Document" means and includes all materials or data subject to production under Rule 45 of the Rules of the U.S. Court of Federal Claims ("RCFC") and all writings or recordings within the meaning of Fed. R. Evid. 1001. The term shall be broadly construed to include (but shall not be limited to) correspondence, electronic mail, notes, notations, contracts, brochures, agreements, deeds, leases, letters, memoranda, checks, bank statements, reports, analyses, projections, studies, records, corporate minutes, financial statements, financial records, accounting or audit work papers (including permanent work papers), spreadsheets, transcripts, recordings, and all other types of written or documentary materials. It includes all originals, copies, and non-identical copies (whether by reason of handwritten notations thereon or otherwise), regardless of whether the information is stored on paper, in electronic form, or through any other medium.

B. The term "person" shall be construed to mean and include an individual, trust, estate, partnership, company, corporation, governmental body, or other entity.

C. The words "identify," "identifying," or "identity":

(i) when used in reference to a natural person, include the full name, present home and business address, present or last known employer, and present business and home telephone numbers of the individual;

(ii) when used in reference to an entity other than a natural person, include

that entity's full name, the present or last known address of its principal office or place of business, the type of entity (e.g. corporation, partnership, unincorporated association, etc.), and present business telephone number of that entity;

(iii) when used in reference to a document, include the (1) nature of the document; (2) the name of each author or person by whom the document was written, prepared, recorded, made, or signed; (3) the dates each person or author identified participated in the writing, preparation, recording, marking or signing of the document; (4) the organization or entity which issued or promulgated the writing; (5) the date of the document; (6) to whom it was addressed or furnished; (7) the number of pages in the document; (8) the subject matter of the document; and (9) the name and current or last-known business and residential address and telephone numbers of each person having custody, control, or possession of such document.

D. The term "Plaintiff" refers to Wells Fargo & Company and Subsidiaries ("Wells Fargo"), and all predecessors, successors, and all presently or formerly affiliated entities, including Norwest Corporation, First Security Corporation, and First Security Leasing Company.

E. The term "Transaction(s)" refers to one or more of the Leasing Transaction(s) or Related Transaction(s) or any component thereof. The term "Leasing Transaction(s)" refers to the purported leasing transactions whose tax consequences are at issue in this case. The term "Related Transaction(s)" refers to all subordinate transactions that are a part of and are related to

the Leasing Transactions. For example, Related Transactions include loans, letters of credit, defeasance agreements, payment undertaking agreements, pledges, guarantees and consulting applicable to a Leasing Transaction. For each set of Leasing Transactions listed in the chart below, a non-exhaustive list of third parties with whom Plaintiff or its affiliates potentially entered into Related Transaction(s) is provided in the right-hand column of the following chart.

| | | |
|---|---|---|
| (i) | Belgacom Mobile, SA<br>*(December 19, 1997)* | Stichting Stella<br>First Security Bank<br>De Lage Laden Financial Services B.V.<br>RABO Merchant Bank N.V.<br>Merrill Lynch Capital Services |
| (ii) | Sonera, Ltd.<br>*(December 18, 1998)* | Societe Generale Bank Nederland N.V.<br>Societe Generale, acting through its branch office in Amsterdam<br>AIG Financial Products (Jersey) Limited<br>First Security Bank National Association |
| (iii) | Societe Francaise du Radiotelephone<br>*(April 1, 1999)* | Seimora V B.V. (B.V.)<br>First Security Bank N.A., as Trustee<br>Credit Commercial de France - Charterhouse S.A.<br>Credit Commercial de France - Paris Branch<br>Morgan Guaranty Trust Company of New York & Bayerische Landesbank |

| | | |
|---|---|---|
| (iv) | State of California Department of Transportation<br>*(May 4, 2000; December 18, 2001; May 21, 2002)* | State Street Bank and Trust Company of California, N.A.<br>AIG-FP Funding (Cayman) Limited<br>AIG-FP Special Finance (Cayman) Limited<br>AIG Financial Products (Jersey) Limited |
| (v) | Los Angeles County Metropolitan Transportation Authority<br>*(June 22, 2000)* | AIG – FP Funding (Cayman) Limited<br>AIG – FP Special Finance (Cayman) Limited<br>AIG Financial Products Limited<br>State Street Bank and Trust Company of California, N.A. |
| (vi) | Cathay Pacific Airways Limited<br>*(July 7, 2000)* | Wilmington Trust Company<br>Mercantile Leasing Company (No. 132)<br>Barclays Bank PLC<br>AIG Financial Products (Jersey) Limited<br>Wilmington Trust Company |
| (vii) | Peninsula Corridor Joint Powers Board<br>*(November 2, 2000; September 28, 2001)* | AIG-FP Funding (Cayman) Limited<br>AIG-FP Special Finance (Cayman) Limited<br>AIG Financial Products (Jersey) Limited ("AIGFPJ")<br>State Street Bank and Trust Company of California, N.A. |
| (viii) | Bay Area Rapid Transit<br>*(March 19, 2002)* | AIG-FP Funding (Cayman) Limited<br>AIG-FP Special Finance (Cayman) Limited<br>Financial Security Assurance Inc.<br>State Street Bank and Trust Company of California, N.A. |
| (ix) | Dallas Area Rapid Transit<br>*(July 10, 2002)* | FSA Global Funding Limited<br>Premier International Funding Company<br>Financial Security Assurance Inc. (FSA) |

| | | |
|---|---|---|
| (x) | Metropolitan Atlanta Rapid Transit Authority<br>*(September 27, 2002)* | Wilmington Trust Company<br>AE Global Investments, LLC<br>AE Global Asset Funding, LLC.<br>Ambac Assurance Corporation<br>Radian Asset Assurance, Inc. |
| (xi) | Metropolitan Transit Authority of Harris County, Texas<br>*(May 2, 2002; December 19, 2002)* | FSA Global Funding Limited (FSA Global)<br>Premier International Funding Corporation<br>Financial Security Assurance Inc (FSA)<br>ACE Guaranty Reinsurance Inc (ACE)<br>Ernst & Young, LLP |
| (xii) | New Jersey Transit Corporation<br>*(February 1, 2001; December 27, 2001)* | FSA Global Funding Limited<br>Premier International Funding Co.<br>Dexia Credit Local, New York Agency (Dexia)<br>Financial Security Assurance Inc. (FSA)<br>BB & T |
| (xiii) | Southern California Regional Rail Authority<br>*(August 22, 2002)* | AIG-FP Funding (Cayman) Limited<br>AIG Special Finance (Cayman) Limited<br>AIG Matched Funding Corp. (AIGMFC)<br>State Street Bank and Trust Company of California, N.A. |
| (xiv) | Southeastern Pennsylvania Transportation Authority<br>*(September 25, 2002)* | FSA Global Funding Limited<br>Premier International Funding Co. (Premier)<br>Wilmington Trust Company |
| (xv) | City and County of San Francisco (including the San Francisco Municipal Railway)<br>*(December 18, 2001)* | FSA Global Funding Limited<br>Premier International Funding Co. (Premier)<br>State Street Bank and Trust Company of California, National Association |

| | | |
|---|---|---|
| (xvi) | Washington Metropolitan Area Transit Authority<br>*(September 10, 2002)* | AIG-FP Funding (Cayman) Limited<br>AIG-FP Special Finance (Cayman) Limited<br>AIG Matched Funding Corp<br>Wilmington Trust Company |

F. The term "FSA" refers to Financial Security Assurance, Inc., and all predecessors, successors, parents, subsidiaries, and all presently or formerly affiliated entities, including but not limited to FSA Global Funding Limited, Premier International Funding Corporation, and Dexia Credit Local, New York Agency, and all employees, partners, counsel, accountants, and/or other representatives of any of the foregoing.

**Instructions**

A. Documents produced should be organized and labeled to correspond with the numbered requests in this subpoena or produced as they are kept in the ordinary course of business. A document control number ("Bates-stamp") also should be affixed or stamped on each page of all documents produced.

B. If any document or portion of a document is not produced based on a claim of privilege, you must make the claim expressly and provide a privilege log in which you describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing the alleged privileged information, will enable the United States and the Court to assess the applicability of the claimed privilege.

C. If you intend to produce any documents in electronic form, please call Joseph B. Syverson (202-307-6508), counsel for the United States, before producing the material to discuss the format for such a production.

D. The time scope for these requests is 1996 through the present.

**Document Requests**

1. All documents relating to any of the Transactions, including, but not limited to:

(a) all correspondence relating to the Transactions;

(b) all documents that refer to, discuss, or relate to the inception, promotion, marketing of the Transactions, including, but not limited to, all mandates and requests for bids or proposals;

(c) all documents concerning the solicitation or referral of participants for the Transactions, including, but not limited to, documents reflecting or referring to how or why FSA or any other participants, advisors, arrangers, appraisers or consultants, were contacted, selected or became involved;

(d) All contracts, agreements, and other governing documents relating to the Transactions, including all documents reflecting any amendments, renegotiations, side-agreements, or changes to the terms of any such contracts or agreements;

(e) All documents related to the negotiation of any of the terms of any of the Transactions, including but not limited to any draft of any document described in the preceding subparagraph;

(f) All documents related to FSA's internal consideration, analysis, and approval of any of the Transactions or any part thereof;

(g) All documents related to FSA's investigation, consideration, or analysis of the credit risks, if any, associated with FSA's participation in the

transactions, including but not limited to

(i) any documents relating to any investigation, consideration, or analysis of the creditworthiness of Plaintiff or any other equity investor or participant in any of the Leasing Transactions,

(ii) any documents relating to any investigation, inspection, or analysis of any of the property that was the subject of the Leasing Transactions, and

(iii)any credit files maintained by FSA in connection with any of the Transactions;

(h) All documents related to any account with FSA that was created, maintained, or otherwise affected in connection with any of the Transactions, including but not limited to

(i) any statement of account for any of the foregoing,

(ii) any wire transfer or other document reflecting any transfer of funds to or from any of the foregoing, and

(iii)all confirmations or other records of any trade or other transaction entered into in connection with any of the foregoing;

(i) all documents concerning the potential risks or benefits to any participant in the Transactions;

(j) all documents concerning options or elections available to any participant in the Transactions under the terms of the operative agreements, including but not limited to, documents relating to the likelihood of any option or

election being selected or occurring and the potential costs and benefits of any option or election;

(k) all documents concerning the tax treatment or reporting relating to the Transactions;

(l) all documents relating to the financial reporting of the Transactions, and any related assumptions;

(m) all documents relating to regulatory reporting relating to the Transactions, and any related assumptions;

(n) all documents relating to equity investors in addition to Plaintiff participating in the Transactions;

(o) all documents relating to the participation of other equity investors in the Transactions or in substantially similar transactions at or about the same time involving substantially similar assets or property (*e.g.*, a separate "tranche"); and

(p) documents reflecting transfers made or recorded in connection with the Transactions, including documents reflecting the amounts, timing, method, and participants in any such transfers or accounting entries; and

(q) all notices, certifications or other documents sent to any participant in the Transactions.

2. All correspondence and other documents reflecting communication with third parties regarding the Transactions, which third parties include, but are not limited to, those entities listed in the chart in Paragraph E of this document's Definitions

section and equity investors in the Transactions in addition to Plaintiff.

3. All correspondence and other documents provided to or received from the Federal Transit Administration and/or the Department of Transportation regarding the Transactions.

4. All documents relating to promotional, marketing, or presentation materials, including, but not limited to, documents distributed at conferences or seminars, regarding the type of transaction described in IRS Revenue Ruling 2002-69, 2002-2 C.B. 760 (copy attached hereto as Exhibit A) or IRS Notice 2005-13, 2005-9 I.R.B. 630 (copy attached hereto as Exhibit B), or regarding purported sale-in, lease-out leveraged lease transactions.

5. All documents reflecting FSA's fees related to the Transactions, how those fees were determined, and who paid the fees.

6. All documents reflecting FSA's established practices and procedures, if any, relating to its internal review, analysis, and approval of transactions similar to the Transactions or similar to any component of any of the Transactions, including but not limited to nonrecourse loans, pledges, letters of credit, and payment undertakings.

7. Documents in your possession, custody or control sufficient to identify all of the partners, officers, employees, and agents of FSA who performed work related to the Transactions.

8. Documents in your possession, custody or control sufficient to identify the relationship between and among Financial Security Assurance, Inc., FSA Global

Funding Limited, Premier International Funding Corporation, and Dexia Credit Local, New York Agency.

9. A copy of all versions of FSA's document retention policies in effect at any time from 1996 through the present.

**RCFC 30(b)(6) Deposition**

Pursuant to RCFC 30(b)(6), FSA will appear and give testimony by and through its officers and agents, as designated by FSA, with knowledge regarding the following topics:

1. FSA's record retention policies;
2. FSA's efforts to locate documents responsive to this subpoena;
3. any information regarding responsive documents that FSA once held that it cannot produce at this time;
4. explanation of the facts demonstrated by the documents produced in response to this request;
5. the nature, scope, extent of, and reasons for FSA's involvement in any Transaction in which it was involved, including but not limited to
    a. how, when, and why FSA came to be involved in the Transaction,
    b. the employees and other agents of FSA involved in the Transaction, and their respective roles in the Transaction,
    c. the negotiations, if any, involved in arriving at any of the terms of the Transaction to which FSA was a party,
    d. the process by which FSA considered, analyzed, and/or approved the Transaction or any part or aspect thereof,
    e. the process by which FSA investigated, considered, or analyzed the credit risks, if any, associated with FSA's participation in the Transaction,
    f. the accounts with FSA that were created, maintained, or otherwise affected in connnection with the Transaction,

g. the transfers made or recorded in connection with the Transaction

h. FSA's financial and regulatory treatment and reporting of the Transaction or any part or aspect thereof,

6. FSA's established practices and procedures, if any, relating to its internal review, analysis, and approval of transactions similar to the Transactions or similar to any component of any of the Transactions, including but not limited to nonrecourse loans, pledges, letters of credit, and payment undertakings.

7. FSA's fees related to the Transactions, how those fees were determined, and who paid the fees to FSA.

8. The relationship between and among Financial Security Assurance, Inc., FSA Global Funding Limited, Premier International Funding Corporation, and Dexia Credit Local, New York Agency.

The Deponent is reminded that this deposition is being taken pursuant to RCFC 30(b)(6), which provides that:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which each person will testify. . . .

Under this rule, it is the Deponent's obligation to identify and present designees with personal knowledge regarding these topics. If, during the course of the deposition, it becomes apparent that the Deponent's designee lacks knowledge regarding any of these topics, it is the Deponent's

obligation to identify and present a substitute designee with personal knowledge, if such a person exists. *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989); *R.J.F. Fabrics, Inc. v. United States*, 657 F. Supp. 1291, 1294 n.6 (Ct. Int'l Trade 1987).

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has, this 20 day of May, 2008, been made on counsel for the plaintiff by mailing a copy thereof, in a postage prepaid envelope, to the following address:

Joel V. Williamson
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606

Yochanan.

U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440
Fax (202) 514-9440